UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ANDREW MICHAELSEN,                  :

               Plaintiff,        :    16 Civ. 1474 (HBP)

  -against-                        :    OPINION AND
                                      ORDER OF DISMISSAL
SICKDAY, LLC, SICKDAY PHYSICIAN
ASSISTANT HOUSE CALLS, PLLC, d/b/a
"Sickday House Calls, PLLC" and
NAOMI FRIEDMAN,                     :

               Defendants.      :

-----------------------------------X

       PITMAN, United States Magistrate Judge:

       This matter is before me on the parties' joint application to approve the parties' settlement (Docket Item 36). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

       This is an action brought by an individual who was formerly employed as an administrative assistant and scheduler by defendants and seeks unpaid minimum wages, unpaid overtime premium pay, spread-of-hours pay as well as damages for illegal retaliation. The action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"). Plaintiff also asserts claims for alleged violations of other provisions of the NYLL.

Plaintiff alleges that he was employed by defendants as an administrative assistant/scheduler from February 15, 2013 through December 13, 2014. Plaintiff claims that from February 2013 through September 2013 his agreed-upon work schedule was 60 hours per week and he was paid a "flat rate" wage of $9 per hour for those 60 scheduled hours. During this period, plaintiff claims that he was generally required to work 1-3 hours per day beyond his scheduled shifts, but was not paid for those additional hours.

Plaintiff further alleges that from October 2013 through December 2013 his agreed-upon work schedule was four days a week for ten hours a day and he was paid a "flat rate" wage of $9 per hour for those 40 scheduled hours. Plaintiff claims that during this period, defendants typically required him to work an additional 1-3 hours per day beyond his scheduled shifts, but did not pay him for those extra hours.

Finally, plaintiff alleges that from January 2014 through October 2014, his agreed-upon work schedule was 11.5 hours per day for three days a week and that he was paid a "flat rate" wage of $12 per hour for those 34.5 scheduled hours. During this period, plaintiff claims that he was generally required to work an additional 1-3 hours per day, but was never paid for these hours. Plaintiff further alleges that when he

raised the foregoing wage issues with defendants, defendants initially retaliated by cutting the number of hours he worked and subsequently firing him.

In addition to his claims for failure to pay the minimum wage, unpaid overtime premium pay and illegal retaliation, plaintiff seeks damages under the NYLL for defendants' alleged failure to pay "spread-of-hours" pay and to provide plaintiff with a written notice of his regular hourly rate, overtime rate and other related information. Plaintiff claims his unpaid wages total approximately $13,000.00. Plaintiff alleges that if he is awarded this sum as unpaid wages, he is also entitled to $26,000.00 in liquidated damages and $5,000.00 for wage notice violations. However, because plaintiff cannot recover liquidated damages under both the FLSA and the NYLL, Chowdhury v. Hamza Express Food Corp., 666 F. App'x 59 60-61(2d Cir. 2016) (summary order), he can recover a maximum of $13,000 in liquidated damages. Additionally, if the case proceeds to trial, plaintiff may be entitled to recover additional damages for his retaliation and emotional distress claims, and, potentially, putative damages. Thus, plaintiff's maximum possible recovery could exceed $100,000.00, exclusive of attorney's fees and costs.

Among other things, defendants dispute the number of hours plaintiff claims that he worked and his claim of retaliation. Defendants deny that plaintiff actually worked the number of hours he alleges and contend that, in any event, plaintiff is exempt from the overtime provisions of the FLSA and NYLL. Additionally, defendants deny that they retaliated against plaintiff for complaining about not being paid properly.

The parties have agreed to a total settlement of $40,000.00. Plaintiff is represented by pro bono counsel who has graciously waived any claim for fees. After $,046.37 for counsel's out-of-pocket costs, plaintiff's net recovery will be $38,953.63.

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement."

4

Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (inner quotation marks and citations omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. Keybank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982). The presumption of fairness in this case is bolstered by the caliber of the parties' counsel. All parties are represented by counsel who have demonstrated themselves to be extremely knowledgeable regarding wage and hour matters and who are well suited to assess the risks of litigation and the benefits of the proposed settlement.

In Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bar

5

gaining between experienced counsel; and (5) the possibility of fraud or collusion.

(inner quotations and citations omitted). The settlement here satisfies these criteria.

First, the settlement provides plaintiff with all of his unpaid wages and 100% of his liquidated damages. While the plaintiff's maximum potential recovery could exceed $100,000.00, because plaintiff was able to secure new employment soon after his termination, it is likely that any recovery on his emotional distress claim would be minimal. Thus, the settlement is within the reasonable range of plaintiff's potential recovery.

Third, the settlement will entirely avoid the burden, expense and aggravation of litigation. Plaintiff's case rests heavily on plaintiff's oral testimony, and litigating the case would require the taking of several depositions. The settlement avoids the expense and burden of these depositions.

Fourth, the settlement will enable plaintiff to avoid the risk of litigation. Neither the plaintiff nor the defendants have written records verifying the amount of hours plaintiff worked. Because the principal witnesses on both sides are interested in the outcome, it is impossible to predict the credibility findings that a fact finder would make.

Fifth, given the substantial size of the settlement figure in comparison to plaintiff's potential recovery, I am confident that it is the product of arm's-length bargaining between experienced counsel and that no fraud or collusion affected the parties' negotiations.

As noted above, plaintiff's counsel have also agreed to waive all attorney's fees. The Legal Aid Society is also waiving costs while Quinn Emmanuel seeks $1,046.37 in court and service of process costs. "A prevailing plaintiff under the FLSA and NYLL is entitled to reasonable costs as well as fees." Lora v. J.V. Car Wash, Ltd., 11 Civ. 9010 (LLS)(AJP), 2015 WL 4496847 at *14 (S.D.N.Y. July 24, 2015)(Report & Recommendation) (Peck, M.J.), adopted, 2015 WL 7302755 (S.D.N.Y. Nov. 18, 2015)(Stanton, D.J.). Here, the costs amount to less than 3% of the overall settlement figure and are reasonable. The costs award of $1,046.37 is, therefore, approved.

Accordingly, I approve the settlement in this matter. In light of the settlement, the action is dismissed with preju

7

dice and without costs. The Clerk of the Court is requested to mark this matter closed.

Dated: New York, New York
       April 11, 2017

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel